**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

| | |
|---|---|
| PAUL ELIAS | PLAINTIFF |
| v. | CIVIL ACTION # 2:09cv250-KS-MTP |
| CHASE BANK USA, N.A. | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand filed by Plaintiff Paul Elias [Doc. # 8] (December 21, 2009). Defendant Chase Bank USA, N.A. opposes the motion. Def.'s Resp. Opp. Mot. Remand [Doc. #15]; Def's Mem. Supp. Resp [Doc. # 16](January 20, 2010). The sole question presented is whether this Court has federal question jurisdiction because Elias, in his complaint, allegedly raised a federal cause of action under the Fair Credit Reporting Act ("FCRA") when he stated that his "credit has been ruined by the actions of Defendant." Compl. ¶ III [Doc. # 15-2]. The Court holds that Chase has not met its burden to show that Elias has sought relief arising under a federal statute in his complaint, either directly or through complete federal preemption of his state law negligence claim. As a result, this court lacks subject matter jurisdiction and the motion to remand should be **granted**.

### I. BACKGROUND

Paul Elias obtained a credit card from Chase with a credit limit of $12,000.00 in or around September of 2005. Compl. ¶ I. Elias alleges that "Chase without cause and without even requesting authority from [him] raised the credit limit and/ or allowed charges on the card from an authorized user that exceeded the Twelve Thousand Dollars ($12,000.00) limit and as of this date are approximately Fifty Thousand Dollars ($50,000.00)." Compl. ¶ II. Plaintiff filed

suit in the Circuit Court of Jones County, Mississippi, on November 5, 2009, alleging that his "credit has been ruined by the actions of Defendant and this has caused him to be unable to properly pursue his career as a professional bass fisherman or make other investments favorable to his financial condition." Compl. ¶ III. Elias claims that Chase's actions and conduct have been "grossly negligent and malicious evidencing a willful, wanton and reckless disregard for the welfare of Plaintiff." Compl. ¶ IV. Elias seeks judgment in an amount not to exceed $70,000.00. Chase removed this case on December 9, 2009, asserting federal question jurisdiction under the FCRA, 15 U.S.C. § 1681 *et.seq*. Notice of Removal [Doc. # 1].

## II. STANDARD OF REVIEW

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). The district courts have jurisdiction over "all civil actions arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing cases).

## III. APPLICATION AND ANALYSIS

Chase has not carried its burden to show that its notice of removal was filed on time. 28 U.S.C. §1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

Chase filed its Notice of Removal on December 9, 2009, more than 30 days from the filing of the complaint on November 5, 2009. The state court record shows that summons was issued by the circuit court on November 5, 2009, the same day that the complaint was filed. Notice of Removal, Ex. A, Summons [Doc. # 1-2]. A blank Process Server's Return is attached to the summons. Chase has not alleged or shown that it received service of summons within the thirty day period for filing its notice of removal. In other words, the court has no reason to believe that service of the pleading or service of summons was received on or after November 9, 2009. Chase has only provided a conclusory statement that its removal was timely. In its Notice of Removal, Chase states: "The removal of this matter is timely and proper pursuant to 28 U.S.C. § 1446. The instant case was not commenced until November 5, 2009." Notice of Removal ¶ 5 [Doc. # 1]. Thus, Chase has not met its burden of showing that removal is proper and the case should be remanded.

Even if Chase did demonstrate that it filed its notice of removal within thirty days of receipt of the pleading or service of summons, Chase has not met its burden showing that federal jurisdiction exists. It is well established that the plaintiff is the master of his complaint, and can therefore chose to file only state law claims and not federal law claims. *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001). "Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" *Id.* at 188 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005)("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule

12(b)(6)."). However, the court can determine that despite the plaintiff's artful pleading the court has jurisdiction if the plaintiff has deliberately avoided a federal question that is necessary to the case. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)(citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)). "Without complete preemption, the artful pleading doctrine does not apply." *Terrebone*, 271 F.3d at 189 (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)).

Elias's only claim on the face of his complaint is one of state law negligence, and Chase has failed to show that the FCRA completely preempts the state law claim raised by Elias. In order to establish complete preemption, Chase must demonstrate that:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent . . . that the federal action be exclusive.

*Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008)(*citing Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1(2003)) (noting that *Beneficial* changed focus of third prong from congressional intent that claim under federal law is removable to intent that federal action is exclusive).

Chase has failed to satisfy the first prong of the three part test. Chase contends that the expansion of the FCRA by the Consumer Credit Reporting Reform Act of 1996 ("CCRRA"), which placed specific obligations on "furnishers," created a cause of action that replaces an analogous state law cause of action. *See* 15 U.S.C. § 1681s-2. A "furnisher" is an entity "which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies." *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp.2d 496, 501 (W.D. Tenn. 1999)(providing "common sense" definition in absence of statutory definition of

term). The statute prohibits furnishers from reporting inaccurate information to the consumer reporting agencies and creates a duty for the furnisher to correct and update inaccurate information, to notify the consumer reporting agencies of any disputes, and to investigate disputes. 15 U.S.C. § 1681s-2(a) & (b).

Chase argues that because Elias complained that Chase has "ruined his credit" he necessarily is complaining about information that Chase provided to the consumer reporting agencies in its role as a "furnisher." However, Elias has not argued that Chase provided inaccurate information to a consumer reporting agency or breached any other duty set forth under this subsection of the FCRA. In his motion to remand, Elias specifically states: "Plaintiff concedes that the reporting of debt information on his credit card is correct." Mot. to Remand ¶ 3. Nor does Elias dispute the charges as being unauthorized. Instead, Elias contends that Chase was negligent as a lender in extending him additional credit on his revolving credit line without his permission. Therefore § 1681s-2 is inapplicable to the claim brought against Chase not as a furnisher, but as a lender. Since this subsection does not create a cause of action against a lender for negligently increasing a cardholder's spending limit, it is irrelevant whether the statute contains a civil enforcement provision[1] or whether there is a specific jurisdictional grant to the

---

[1]Chase argues that the FCRA authorizes civil enforcement. *See* 15 U.S.C. §§ 1681n (civil liability for willful noncompliance) & 1681*o* (civil liability for negligent noncompliance). However, Chase overlooks the limitations on liability within §1681s-2 itself. Specifically, § 1681s-2(c) provides that "Sections 1861n and 1681*o* of this title do not apply to any failure to comply with subsection (a) of this section, except as provided in section 1681s(c)(1)(B) of this title." 15. U.S.C. § 1681s-2(c). The referenced section allows an official or agency designated by a State to bring an action on behalf of its residents to recover damages under §§ 1681n and 1681*o* for violations of § 1681s-2(a), but only if the state has first enjoined the entity from violating the statute and the entity violated the injunction. 15. U.S.C. §§1681s(c)(1)(B) & 1681s(c)(5). Therefore federal law does not recognize a private cause of action to enforce the provisions of § 1681s-2, but instead provides rights and remedies to government agencies.

federal courts for enforcement of the right as required in the second prong of the test.

Chase cites two factually distinct cases from the Southern District of Mississippi to support its claim of complete preemption. First, Chase argues that the facts in this case are analogous to those in *Parker v. Bank of America,* No. 1:05-cv-279-LG-JMR, WL (S.D.Miss. 2006), in which Judge Guirola held that the federal court had exclusive original jurisdiction and denied the plaintiff's motion to remand. Chase attached the transcript of the motion to remand hearing as an exhibit. *See* Resp. Mot. to Remand, Ex. B [Doc. 15-3]. From the transcript alone, and without the benefit of the briefs, the facts seem immediately distinguishable from those in the case at hand. In the *Parker* case, the plaintiff specifically alleged that his credit had been damaged "as a result of false credit reporting." *Id.* at 5. Further, Bank of America's counsel[2] agreed that the FCRA would be implicated only with a claim that is "in some way, shape, or form related to credit reporting." *Id.* at 6. No such allegation of false reporting has been made by Elias against Chase. Therefore, Chase has not demonstrated the applicability of the *Parker* case to the case at hand. In the second case, *Smith v. First USA Bank, N.A.*, No. 3:01-cv-548-BN (S.D. Miss. Feb. 15, 2002),[3] the plaintiff brought both FCRA and state law claims against his bank for publishing erroneous information regarding a line of credit on his Equifax report. The court held that the plaintiff's state law claims for the bank's alleged negligent "failure to provide accurate credit-related information and/or to investigate and correct the information provided to credit reporting agencies" was preempted by the FCRA. *Id.* In *Smith*, the court found that the

---

[2]Mr. Tyson appeared before Judge Guirola as Bank of America's counsel and is counsel for Chase in the instant case.

[3]*See* Resp. Mot. to Remand, Ex. C [Doc. 15-4].

state law claims related to the subject matter of § 1681s-2, and were therefore preempted under § 1681t. *Id.* In the case at hand, Elias claims that Chase violated its duty as a lender, not its duty as a furnisher, and thus the state law claim in no way relates to the duties set forth for furnishers in §1681s-2. In sum, Chase has failed to satisfy prong one of the complete preemption test because they have failed to show that the FCRA creates a cause of action that both replaces and protects the analogous area of state law.

Chase has also failed to satisfy the third prong of the three part test. Chase has not carried its burden to show that Congress intended the causes of action provided in the FCRA to be exclusive. Chase cites § 1681t(b)(1)(F) as evidence of Congress's intent to provide the exclusive remedy for Elias's claim. 15. U.S.C. § 1681t states:

> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

15. U.S.C. § 1681(a). The section cited by Chase states that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F).

First, the general rule provided by this statute demonstrates that Congress did *not* intend for the FCRA to replace all state law causes of action except in narrowly defined circumstances. Further, the cited exception requires the action brought by Elias to be one against a furnisher of information to a consumer reporting agency. Again, this is not the state law claim brought by Elias. Rather, Elias's claim is against Chase as lender as previously discussed.

Secondly, the court notes that at least one district court has held that "even if subsection (b)(1)(F) were to be interpreted as preemptive, the preemption is merely an affirmative defense, which defense does not authorize removal." *See Ortiz v. Nat'l City Home Loan Servs., Inc.,* No. H-09-2033, 2009 WL 3255088 at *2 (S.D. Tex. Sept. 29, 2009)(granting remand of suit alleging unfair debt collection, violation of Texas Deceptive Trade Practices, slander of credit, and wrongful disclosure). Because Chase failed to demonstrate that Congress intended an exclusive federal action under the FCRA for the cause of action arising under the facts of this case, the state law claim is properly remanded.

## IV. CONCLUSION

This court concludes that Defendant has not met its burden in showing that the removal was timely under 28 U.S.C. § 1446(b). Further, the court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand [Doc. #3] is Granted and the Clerk of this Court is directed to immediately return this case to the Circuit Court of Jones County, Mississippi. All other pending motions are moot.

SO ORDERED AND ADJUDGED on this, the 27th day of January, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE